UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21951-CIV-ALTONAGA/White

**PERMON THOMAS**,

    Plaintiff,

vs.

**WARDEN HARRIS**, *et al.*,

    Defendants.

_____/

<u>**ORDER**</u>

**THIS CAUSE** came before the Court upon Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [D.E. 80], entered November 18, 2009.  On July 9, 2008, Plaintiff, Permon Thomas ("Thomas"), filed a *pro se* section 1983 Complaint, which the Court referred to Magistrate Judge White under 28 U.S.C. § 636(b)(1).  (*See* [D.E. 1 & 4]).  On May 6, 2009, Defendant, Julio Poveda ("Dr. Poveda"), filed a Motion for Final Summary Judgment ("Motion") [D.E. 59].  Judge White recommends the Motion be granted in part and denied in part.  (*See Report* at 19).  Both Thomas and Poveda filed objections to Judge White's Report.  (*See* [D.E. 93, 97, 102 & 108]).  The Court has carefully reviewed Judge White's Report, the parties' written submissions, and the applicable law, and has conducted a *de novo* review of the record.

**I. Judge White's Report**

Thomas alleges Dr. Poveda was deliberately indifferent to Thomas's serious medical needs by failing to provide proper medical treatment after Thomas arrived at Dade Correctional Institute. (*See Report* at 2).  Thomas alleges Dr. Poveda should have provided him a knee brace, a low bunk

CASE NO. 08-21951-CIV-ALTONAGA/White

pass and other privilege passes, an MRI, an orthopedic consultation, and pain medication for the pain he was suffering from a 1989 knee injury. (*See id.* at 2–3). With respect to the first four claims — a knee brace, the privilege passes, an MRI, and an orthopedic consultation — Judge White recommends the Court grant Dr. Poveda summary judgment because the dispute "appears to amount to a difference of opinion between the inmate/patient and prison medical staff member, which, without more, does not rise to the level of a constitutional violation." (*Id.* at 17). However, with respect to Thomas's claim that Dr. Poveda should have provided him pain medication, Judge White recommends the Court deny Dr. Poveda summary judgment because genuine issues of material fact exist. (*See id.* at 19).

## II. Dr. Poveda's Objections

Dr. Poveda objects on two grounds to the portion of Judge White's Report recommending trial on the denial of pain medication. First, he argues Thomas has "failed to establish the elements essential to a claim for deliberate indifference to a serious objective medical need." (Objections to Magistrate's Report and Recommendation on Final Summ. J. ("*Poveda's Objections*") [D.E. 93] at 12). Second, Dr. Poveda argues "the Magistrate erred in failing to consider the Plaintiff's admission against interests that the Plaintiff failed to satisfy the exhaustion requirement of the Prison Litigation Reform Act." (*Id.*).

### A.   The Elements of Thomas's Deliberate Indifference Claim

Dr. Poveda argues Thomas "failed to establish: (1) subjective knowledge to a serious risk of harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." (*Id.* at 5). He accordingly argues Judge White "erred in finding that Plaintiff has established that Dr. Poveda

2

CASE NO. 08-21951-CIV-ALTONAGA/White

intentionally refused to provide care." (*Id.*). That, however, is not what Judge White found nor is it what he recommended in his Report. Judge White recommends trial because genuine issues of material fact exist — not because he "found" Dr. Poveda intentionally refused to provide care. (*See Report* at 19).

The Court agrees genuine issues of material fact exist. For example, in Thomas's sworn statements, he states he complained to Dr. Poveda in November 2006, February 2007, and early November 2007, and that Dr. Poveda repeatedly ignored his requests for pain medication. (*See* Pl.'s Mot. Opposing Def.'s Mot. for Final Summ. J. ("*Opp'n*") [D.E. 67] at 6–7). In contrast, Dr. Poveda argues Thomas did not complain of pain between November 2006 and August 2007. (*See Poveda's Objections* at 8). In addition, Dr. Poveda argues he developed a plan of care for Thomas, which included pain medication (*see* Aff. of Julio Poveda, M.D. ("*Poveda Aff.*") [D.E. 59-2] ¶ 8). But the record indicates Thomas did not receive pain medication until late November 2007, and then for only two weeks. (*See Opp'n* at 38–39; Aff. of Permon Thomas ("*Thomas Aff.*") [D.E. 68] ¶ 8; *see also Report* at 19 n.9). Construing the record in the light most favorable to Thomas, Dr. Poveda is not entitled to summary judgment.

**B.     Exhaustion of Remedies Under the Prison Litigation Reform Act**

The Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dr. Poveda argues Thomas failed to comply with the exhaustion requirement, which is jurisdictional in nature, and Judge White erred by failing to consider Thomas's

CASE NO. 08-21951-CIV-ALTONAGA/White

admission that he never exhausted his remedies under the PLRA. (*See Poveda's Objections* at 9–11).

Judge White likely failed to consider the exhaustion of remedies argument **because Dr. Poveda did not raise it in his Motion**. This alone is a sufficient ground to reject Dr. Poveda's argument. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). Moreover, the requirement is not jurisdictional, as Dr. Poveda argues. *See Bryant v. Rich*, 530 F.3d 1368, 1374 n.10 (11th Cir. 2008) (noting "exhaustion under the PLRA is not a jurisdictional prerequisite"); *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (noting (1) a defense of failure to properly exhaust administrative remedies under the PLRA is treated procedurally like a defense for lack of jurisdiction although it is not a jurisdictional matter, and (2) the defendant bears the burden of proving the plaintiff failed to exhaust his administrative remedies). Thus, the Court declines to consider a non-jurisdictional argument that Dr. Poveda raises for the first time in his Objections to the Report.

### III.  Thomas's Objections

Thomas first objects to Judge White's conclusion that the denial of a knee brace, privilege passes, an MRI, and an orthopedic consultation in November 2006 is nothing more than a difference of opinion between Thomas and Dr. Poveda, which, without more, does not rise to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Thomas argues that in his affidavit, Dr. Poveda stated he provided Thomas with the requested treatment in November 2006, which demonstrates (1) Dr. Poveda agreed Thomas needed the requested treatment, and (2) Dr.

CASE NO. 08-21951-CIV-ALTONAGA/White

Poveda knew that Thomas would be under a serious risk of harm if Dr. Poveda failed to order the requested treatment. (*See* Pl.'s Objections to Report of Magistrate Judge ("*Thomas's Objections*") [D.E. 97] at 6–7). Although Dr. Poveda's affidavit acknowledged he developed a plan of care, it does not state when he developed this plan of care, or when he implemented various phases of the plan. (*See Poveda Aff.* ¶¶ 6–11). Thus, contrary to Thomas's assertions, Dr. Poveda did not swear in his affidavit "he provided this care one month after Plaintiff arrived at Dade C.I. in October 2006." (*Thomas's Objections* at 6).

Second, Thomas argues Dr. Poveda has a practice, policy, or custom of masking the denial of medical treatment by ordering less expensive treatment when more substantive treatment is warranted, as evidenced by Dr. Poveda repeatedly marking Thomas's x-rays "normal." (*See id.* at 7–12). Thomas appears to argue that because Dr. Poveda has such a practice, he must have denied Thomas the more substantive treatment he needed. Thomas, however, points to no evidence — other than his own case — that Dr. Poveda routinely prescribes less expensive treatment when he knows more expensive treatment is necessary. And, as discussed above, in Thomas's case the parties merely disagreed about how aggressively Dr. Poveda should have treated Thomas's injury.

Third, Thomas argues Dr. Poveda's statement in November 2006 concerning unnecessary medical treatment for inmates demonstrates Dr. Poveda denied Thomas treatment for non-medical reasons. (*See id.* at 12–13). According to Thomas, when he initially sought treatment, Dr. Poveda stated: "I'm not going to be giving inmates stuff they don't need, because inmates be in here asking for things they don't need. Let's wait and see what the x-ray says." (*Opp'n* at 6–7). This statement, rather than support Thomas's argument Dr. Poveda denied him treatment for non-medical reasons,

5

CASE NO. 08-21951-CIV-ALTONAGA/White

demonstrates exactly the opposite: it shows that, in Dr. Poveda's opinion, he did not believe Thomas needed a knee brace, privilege passes, an MRI, or an orthopedic consultation in November 2006, and wanted to wait for the x-ray results before pursuing more aggressive treatment.

Fourth, Thomas argues the deterioration in his right knee joint would have occurred at a slower pace if Dr. Poveda had provided a low bunk pass and an orthopedic consultation, as Thomas requested. (*See Thomas's Objections* at 13–14). Thomas, however, offers nothing more than his opinion Dr. Poveda should have done something sooner, which, as Judge White noted, is a difference of opinion about how aggressively Thomas's injury should have been treated.

Finally, Thomas argues Dr. Poveda failed to provide a no prolonged walking or standing pass and pain medication pursuant to the orthopedic doctor's December 2007 recommendations. (*See id.* at 14–15; *Opp'n* at 16; *Thomas Aff.* ¶ 10). The orthopedic doctor recommended a no prolonged standing or walking pass, a low bunk pass, a restricted activity pass, and pain medication. (*See Opp'n* at 44). As for the pain medication, this falls within Thomas's broader claim that Dr. Poveda was deliberately indifferent to his need for pain medication, discussed above. With respect to the no prolonged walking or standing pass, the record shows Dr. Poveda failed to issue the pass after the orthopedic doctor recommended one. (*See Opp'n* at 45; *Thomas Aff.* ¶ 10). Although Dr. Poveda issued a low bunk pass and a restricted activity pass, it was Dr. Aguilar who issued the no prolonged walking or standing pass several weeks later. (*See id.*). As Thomas argues, this is evidence Dr. Poveda intentionally failed to provide service acknowledged to be necessary. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985). Whether Dr. Poveda's failure to provide the pass was, in fact, intentional is a matter for trial. Thus, the Court rejects Judge White's

CASE NO. 08-21951-CIV-ALTONAGA/White

recommendation of summary judgment with respect to Dr. Poveda's failure to provide a no prolonged walking or standing pass after the orthopedic doctor recommended one in December 2007.

### IV.  Conclusion

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** as follows:

1. Judge White's Report **[D.E. 80]** is **ACCEPTED** in part and **REJECTED** in part.

2. Dr. Poveda's Motion **[D.E. 59]** is **GRANTED** in part and **DENIED** in part.

3. This matter is set for trial during the Court's two-week trial calendar beginning **January 19, 2010**.  Trial will be held on (1) Dr. Poveda's failure to provide Thomas pain medication *and* (2) Dr. Poveda's failure to issue a no prolonged walking or standing pass after the orthopedic doctor recommended one.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of December, 2009.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:	counsel of record
	Permon Thomas, *pro se*